KAREN LECRAFT HENDERSON, Circuit Judge,
concurring.
I fully agree that we should affirm Henry’s and Harrison’s convictions. I am less certain, however, that we should remand for a second resentencing.
A Booker error is prejudicial if “there would have been a materially different result, more favorable to the defendant, had the sentence been imposed in accordance with the post -Booker sentencing regime.” * United States v. Coles, 403 F.3d 764, 767 (D.C.Cir.2005). As Coles acknowledges, “[tjhere undoubtedly will be some cases in which a reviewing court will be confident that a defendant has suffered no prejudice.” Id. at 769. In such a case, “ ‘there would be no basis for thinking that if [the judge] had known that the sentencing guidelines [were] merely advisory he would have given the defendant a lighter sentence,’ ” id. (quoting United States v. Paladino, 401 F.3d 471, 483 (7th Cir.2005)), and thus no reason exists to remand for resentencing.
While I agree that a sentence imposed at the top of a Guidelines range does not without more constitute harmless error, the record in this case reveals more. Although the trial judge did not explicitly state that he would have imposed the same sentences were the Guidelines not mandatory, he has twice sentenced Henry and Harrison to the maximum sentence of life imprisonment. He originally imposed the mandatory sentence of life imprisonment. Upon remand for resentencing, the judge again sentenced Henry and Harrison to life imprisonment after calculating a lower Guidelines range of 360 months to life imprisonment. Therefore, the judge not only rejected a lower sentence within a particular Guidelines range, he rejected a lower sentence in a lower range. Indeed, a “conscientious judge” who considered mandatory life imprisonment to be excessive would necessarily impose a lighter sentence if a lower mandatory range applied. See Coles, 403 F.3d at 770. Because here the district judge chose not to impose a shorter sentence on the first remand — even with a lower Guidelines range — I believe there is no reason to *918 think that he would reduce the sentence on a second remand with no mandatory Guidelines range.
Furthermore, at least with respect to Harrison, the district judge explained why the life sentence was appropriate. In United, States v. Tchibassa, under plain error review, we found no prejudice where the district judge imposed the maximum sentence within the Guidelines range and stated that the sentence was “appropriate to serve as a warning to those who will kidnap Americans abroad and entirely appropriate for the type of actions that occurred here in depriving [the former hostage] not only of his freedom for two months, but basically of his life.” 452 F.3d 918, 930 (D.C.Cir.2006) (quotation omitted) (emphasis original). As we explained in Tchibassa:
The judge’s strong and unambiguous approval of the sentence imposed, based ... on its deterrent effect and its proportionality to the crime committed, makes us confident that were the judge given the opportunity to resentence Tchibassa ... he would not impose a sentence materially more favorable than the one he made plain he considered “appropriate.”
Id. Similarly, the court stated at Harrison’s resentencing hearing:
The Court finds that a sentence of life is appropriate in this case in light of the defendant’s boasting of his lifestyle and his lifestyle, and the need for deterrence provides sufficient reason for the maximum penalty. Dealing in this amount of drugs should result in a sentence of life imprisonment, in this Court’s view, and that will provide ... some deterrence in the community if others were to understand that even though they’ve never been arrested before, if they deal in this amount of drugs they’re going away for the rest of their lives.
7/21/04 Tr. 28-29 (emphasis added). Because the judge offered a “strong and unambiguous approval of the sentence imposed” upon Harrison, I think there is little, if any, reason to believe that he would impose a sentence more favorable to Harrison were he given the opportunity to resentence him. See Tchibassa, 452 F.3d at 930.

 Although we applied the plain error standard in Coles, 403 F.3d at 767, the prejudice inquiry is the same under both the plain and harmless error standards. See United States v. Olano, 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (plain error inquiry "normally requires the same kind of inquiry [as harmless error], with one important difference: It is the defendant rather than the Government who bears the burden of persuasion with respect to prejudice”).